UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUDITH MICHAUD as Administratrix of the
Estate of DAVID MICHAUD, deceased,

              Plaintiff,

- against -

NIPPON CARGO AIRLINES, CO., LTD.,
and HAWAII AVIATION CONTRACT
SERVICES, INC.,

              Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND OPINION**
09-CV-3375 (RRM)(CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

      By motion filed April 20, 2010, all defendants moved to dismiss or transfer this action based on *forum non conveniens*, and defendant Nippon Cargo Airlines ("NCA") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 38.)  By Order entered June 7, 2010, this Court referred those motions to the assigned Magistrate Judge, the Honorable Cheryl L. Pollak, for a Report and Recommendation.  On July 25, 2011, Judge Pollak issued a Report and Recommendation (the "R&R") (Doc. No. 57) recommending that defendants' *forum non conveniens* motion be denied, and that defendant NCA's motion to dismiss be granted in part and denied in part.  Judge Pollak reminded the parties that, pursuant to Rule 72(b), any objection to the R&R was due 14 days from receipt of the R&R, which Judge Pollak instructed the Clerk of Court to mail to all parties.  Defendant Hawaii Aviation Contract Services, Inc. ("HACS") filed objections to the R&R on August 5, 2011.  (Doc. No. 58.)  Plaintiff Judith Michaud filed a reply to HACS's objections on August 11, 2011.  (Doc. No. 59.)

      When reviewing a magistrate's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C.A. § 636(b)(1)(C). The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. *See, e.g., Frankel v. City of New York*, No. 06-CV-5450, 2009 U.S. Dist. LEXIS 14864, at *4-6 (S.D.N.Y. Feb. 25, 2009); *Pearson-Fraser v. Bell Atl.*, No. 01-CV-2343, 2003 U.S. Dist. LEXIS 89, at *4 (S.D.N.Y. Jan. 6, 2003); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vega v. Artuz*, No. 97-CV-3775, 2002 U.S. Dist. LEXIS 18270, at *3 (S.D.N.Y. Sept. 30, 2002). Objections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal. *Camardo*, 806 F. Supp. at 381-82. Put another way, a party is not to be afforded a "second bite at the apple" when filing objections to a Report and Recommendation, as the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.'" *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (citation omitted). When a party simply reiterates the original arguments made to the magistrate judge, the Court will review the report strictly for clear error. *Carroll v. David*, No. 04-CV-0307, 2009 U.S. Dist. LEXIS 19356, at *3 n.1 (N.D.N.Y Mar. 11, 2009); *see also Camardo*, 806 F. Supp. at 382.

Here, HACS has filed an objection that mirrors the arguments the defendants submitted in support of the motion to dismiss or transfer this action on *forum non conveniens* grounds. For example, HACS notes in its objections that plaintiff's decedent David Michaud resided in

California, that HACS is a Hawaii corporation and that evidence and witnesses are located outside of New York. Def. Hawaii Aviation Contract Services, Inc.'s Objections (Doc. No. 58) at 4. The defendants raised precisely the same arguments in their joint submission in support of the motion to dismiss. *See* Mem. In Supp. Of Def.s' Mot. To Dismiss (Doc. No. 38-1) at 26-29. HACS seeks to have this Court review for a second time the arguments squarely presented to and fully addressed by the magistrate judge.

Whether reviewed *de novo* or simply for clear error, this Court finds no basis to reject or modify the R&R. This Court agrees with the magistrate judge's clear and thorough articulation of the facts and her thoughtful and well-reasoned legal bases for recommending denial of defendants' motion to dismiss. As such, this Court adopts the R&R (Doc. No. 57) in its entirety.

## CONCLUSION

For the reasons set forth in the Magistrate Judge's Report and Recommendation, defendants' motion to dismiss on *forum non conveniens* grounds is DENIED, and defendants' motion to dismiss under Rule 12(b)(6) is GRANTED in part and DENIED in part.

SO ORDERED.

Dated: Brooklyn, New York
       November 7, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge